582 A.2d 1294
IN THE MATTER OF THE COMMITMENT OF K.F.

Superior Court of New Jersey
Appellate Division

Argued November 7, 1990—Decided December 7, 1990.

Before Judges BRODY, GRUCCIO and D'ANNUNZIO.

*Wilfredo Caraballo,* Public Advocate, attorney for appellant K.F. (*Michael Z. Buncher,* Assistant Deputy Public Advocate, on the brief).

*Stanley L. Morrow,* attorney for respondent County Adjuster, County of Bergen.

The opinion of the court was delivered by

BRODY, J.A.D.

An involuntary patient of a mental hospital has a right to be present at a review hearing even though listening to his treating doctor's testimony may adversely affect future treatment. We base this holding on the express language of *N.J.S.A.* 30:4-27.1 *et seq., L.*1987, *c.* 116, § 1, effective June 7, 1989. *N.J.S.A.* 30:4-27.14 provides in relevant part:

> A person subject to involuntary commitment has the following rights at a court hearing and any subsequent review court hearing:
>
> \* \* \* \* \* \* \* \*
>
> b. The right to be present at the court hearing unless the court determines that because of the person's conduct at the court hearing the proceeding cannot reasonably continue while the person is present; ...

That section of the statute is implemented by *R.* 4:74-7(e), which provides in relevant part:

The patient shall have the right to appear at the hearing, but may be excused from the courtroom during all or any portion thereof if the court determines that because of the patient's conduct at the hearing it cannot reasonably continue while the patient is present.

The present statutory provision replaces *N.J.S.A.* 30:4–41, which had denied a patient the right to be present at such hearings if the medical director or the chief of service of his mental institution "... shall certify that in his opinion it would be prejudicial to the health of the patient, or unsafe to produce the patient at the inquiry...." *Rule* 4:74–7(e) replaces the 1975 version of the Rule, which had denied a patient the right to be present at such hearings "upon application for good cause." As noted in S. Pressler, *Current N.J. Court Rules,* Comment, *R.* 4:74–7(e) (1991), "... good cause also included psychiatrist's testimony which the psychiatrist felt would impair his ability to continue to treat the patient."

The present matter is before us because the trial judge, erroneously relying on the former practice, barred K.F. from his review hearing because his treating doctor stated that K.F.'s presence at the hearing would impair his ability to continue treatment. A patient may not be barred from a commitment or review hearing under the new statute unless his conduct so disturbs the hearing that it cannot reasonably continue while he is present.

The Legislature made its purpose clear when it enacted the present statute. The statutory change which now concerns us reflects the following statutory statement of purpose:

Because involuntary commitment entails certain deprivations of liberty, it is necessary that State law balance the basic value of liberty with the need for safety and treatment, a balance that is difficult to effect because of the limited ability to predict behavior; and, therefore, it is necessary that state law provide clear standards and procedural safeguards that ensure that only those persons who are dangerous to themselves, to others or to property, are involuntarily committed. [*N.J.S.A.* 30:4–27.1b.]

The Legislature has struck the balance in favor of permitting a patient to be present at hearings held to determine whether the patient will be deprived of liberty even if the patient's presence may impede further treatment. The statute now shifts the

focus from the effect of the hearing on the patient's conduct to the effect of the patient's conduct on the hearing.

Reversed and remanded for new review hearing.